IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DAVID ORTIZ, on behalf of himself and all others similarly situated,** <br><br> **Plaintiff,** <br><br> v. <br><br> **THE BEVERAGE WORKS NY, INC., dba THE BEVERAGE WORKS,** <br><br> **Defendants.** | CASE NO. _____ |

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF (1) WARN ACT 29 U.S.C. § 2101, *et seq.* and (2) NEW YORK WARN ACT, NYLL § 860 *et seq.***

David Ortiz ("Plaintiff") alleges on behalf of himself and a putative class of similarly situated former employees, by way of his Class Action Complaint against The Beverage Works NY, Inc. dba The Beverage Works (collectively, "Defendant" or "TBW"), as follows:

**NATURE OF THE ACTION**

3. Plaintiff was terminated along with an estimated 190 other similarly situated employees as part of, or as the foreseeable result of mass layoffs or plant closings ordered by Defendant at its Facilities on or about June 3, 2024, and within 90 days of that date

4. Defendant failed to give Plaintiff and other similarly situated employees of Defendant at least 60 days' advance notice of their terminations, as required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq*., (the "WARN Act"), and 90 days' notice as required by the New York State Worker Adjustment and Retraining Notification Act ("NY WARN Act") and New York Labor Law ("NYLL") § 860 *et seq*. (collectively, the "WARN Acts").

5. Plaintiff seeks to enforce the WARN Act's statutory remedy of 60 days' back pay and benefits for himself and those similarly situated, pursuant to 29 U.S.C. § 2104, for the Defendant's failure to provide WARN notice prior to their terminations.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334, 1367 and 29 U.S.C. § 2104(a)(5).

7. Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

*Plaintiff*

8. Plaintiff resides in the state of New York.

9. Plaintiff was employed by Defendant as an account representative who worked at, was based out of, or reported to the facility located at 2 Atlantic Avenue, Pier 8, Brooklyn, New York (the "Brooklyn Facility").

10. Plaintiff was terminated from his employment on or about June 3, 2024, and received neither 90 days' nor 60 days' notice of his termination.

11. On information and belief, beginning on June 3, 2024, other similarly situated employees of Defendant were effectively terminated from their employment without receiving either 90 days' or 60 days' notice from Defendant.

*Defendant*

12. Upon information and belief and at all relevant times, Defendant The Beverage Works NY Inc. (dba "The Beverage Works") was a distributor in the New York/New Jersey region for Red Bull, a company that sells energy drinks throughout the United States.

13. Upon information and belief, at all relevant times, Defendant and Red Bull were parties to a distribution agreement whereby Defendant had a non-exclusive right to market, distribute, and sell Red Bull products within the New York/New Jersey territory. TBW purchased Red Bull products from Red Bull at prices specified by Red Bull and sold those products to retail customers in its territory.

14. Upon information and belief and at all relevant times, Defendant's headquarters are located at 2211 Allenwood Rd, Wall, New Jersey.

15. Upon information and belief and at all relevant times, in addition to the Brooklyn Facility, Defendant also operated sites in New York state, including a site located at 16 Dubon Court, Farmingdale, New York, and a site located at 1 Highland Park Industrial Drive, Peekskill, New York (together, the Facilities").

16. At all relevant times, Plaintiff and the other similarly situated individuals worked or were based at, reported to, or received assignments from the Facilities until their terminations on or about June 3, 2024.

17. None of Defendant's employees, including Plaintiff, received written 60 or 90 days' notice of their terminations prior to June 3, 2024.

18. Defendant made the decisions that resulted in mass layoffs or shutdowns that terminated the employment of Plaintiff and the other similarly situated former employees without 90 days' or 60 days' advance notice.

19. On information and belief, Red Bull notified Defendant on or about March 19, 2024 that pursuant to its unconditional right to terminate its distributor agreement with Defendant, the agreement would terminate effective June 2, 2024.

20. On information and belief, Defendant began winding down its business as soon as Red Bull, its only customer, gave it 77 days' notice that its distribution agreement was terminated.

21. On information and belief, Defendant's wind down included notifying the state of New Jersey, on or about May 1, 2024, that it would be closing its headquarters and operations there on June 3, 2024, and despite that advance written notice it has paid the New Jersey employees WARN Act backpay in lieu of notice.

22. On information and belief, Defendant did not notify New York State of its closure until on or about May 31, 2024, and only thereafter did Defendant inform its New York employees of their June 3 termination, nevertheless it has not paid them any WARN Act amounts in lieu of notice.

## REPRESENTATIVE AND CLASS ALLEGATIONS, 29 U.S.C. § 2104

23. Plaintiff brings this representative action for relief for violation of 29 U.S.C. § 2101 *et seq*., suing "for" himself and all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5). Those others are similarly situated in that they worked or were based at, or reported to and received assignments from Defendant's Facilities and were terminated without cause on or about June 3, 2024 and within 90 days of that date, as the reasonably foreseeable consequence of the mass layoff and/or plant closing ordered by Defendant on or about June 3, 2024, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

24. Plaintiff seeks to bring forward these claims utilizing the Federal Rules of Civil Procedure, Rule 23(a) and (b)(3), to seek certification of an opt-out class (the "WARN Class").

25. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. The precise number and identity of such persons is information within the sole control of Defendant.

4

26. On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of Defendant.

27. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

    (a) whether the members of the WARN Class were employees of Defendant who worked or were based at, or reported to and received assignments from, the Facilities;

    (b) whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days' advance written notice in violation of the WARN Act; and

    (c) whether Defendant unlawfully failed to pay the WARN Class members 60 days' wages and benefits as required by the WARN Act.

28. Plaintiff's claims are typical of those of the WARN Class. Plaintiff, like other WARN Class members, worked at, reported to, or received assignments from the Facilities, and were terminated without cause on or about June 3, 2024, due to the mass layoff and/or plant closing ordered by Defendant.

29. Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Acts and employment litigation.

30. On or about June 3, 2024, Defendant terminated the employment of Plaintiff and similarly situated employees, as part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which the affected employees were entitled to receive 60 days' advance written notice under the WARN Act. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action

superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

31. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the WARN Class.

32. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

**NEW YORK WARN ACT ALLEGATIONS**

33. Plaintiff brings the Second Claim for Relief for violation of NYLL § 860 *et seq.*, individually and on behalf of both "himself and other similarly situated persons" pursuant to NYLL § 860-G (7) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at, reported to, or were based out of Defendant's Facilities in New York and were terminated without cause on or about June 3, 2024, and within 90 days of that date, or were terminated without cause as the result of the mass layoffs and/or plant closings ordered by Defendant on or about June 3, 2024, and who are affected employees, within the meaning of NYLL § 860-A (1),(4) and (6) (the "NY WARN Class").

34. The persons in the NY WARN Class identified above ("NY WARN Class Members") are so numerous that joinder of all members is impracticable. The identity and number of such persons is within the sole control of Defendant.

35. On information and belief, Defendants employed at least 50 employees within New York State as of the time notice was first required to be given. On information and belief, Defendant terminated at least 25 full-time employees within 30 days of June 3, 2024 from its Facilities in New York.

36. On information and belief, the rate of pay and benefits that were being paid by Defendant to each NY WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

37. Common questions of law and fact exist as to members of the NY WARN Class, including, but not limited to, the following:

> (a) whether the members of the NY WARN Class were employees of the Defendant who worked in a covered site of employment of Defendant;
>
> (b) whether Defendant unlawfully terminated the employment of the members of the NY WARN Class without cause on their part and without giving them 90 days' advance written notice in violation of the NY WARN Act; and
>
> (d) whether Defendant unlawfully failed to pay the NY WARN Class members 60 days' wages and benefits as required by the New York WARN Act.

38. The Plaintiff's claims are typical of those of the Class. The Plaintiff, like other Class members, worked at or were based out of the Defendant's Facilities in New York State and were terminated on or about June 3, 2024 by Defendant.

39. The Plaintiff will fairly and adequately protect the interests of the NY WARN Class. The Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the WARN Act, state laws similar to WARN, and employment litigation.

40. Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the NY WARN Class predominate over any questions affecting only individual members of the NY WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of class action litigation, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant, and damages suffered by individual Class members are small compared to the expense and burden of individual prosecution of this litigation.

41. Concentrating all the potential litigation concerning the NY WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the NY WARN Act rights of all the members of the Class.

42. The Plaintiff intends to send notice to all members of the Class to the extent required by Rule 23.

**FIRST CLAIM FOR RELIEF**
**Violation of the Federal WARN Act**

43. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

44. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

45. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639.(3)(a)(1) and continued to operate as a business until it decided to order the mass layoffs or plant closings at its Facilities.

46. On or about June 3, 2024, Defendant ordered mass layoffs and/or plant closings at the Facilities as that term is defined by 29 U.S.C. § 210l(a)(2)(3).

47. The mass layoffs or plant closings at its Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(3) for at least fifty of Defendant's employees as well as thirty-three percent of Defendant's workforce at its Facilities.

48. Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendants at its Facilities.

49. Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

50. Defendant was required by the WARN Act to give Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

51. Defendant failed to give Plaintiff and the Class Members written notice that complied with the requirements of the WARN Act.

52. Plaintiff and each of the Class Members are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104(a)(7).

53. Defendant failed to pay Plaintiff and each of the Class Members their respective

wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

## SECOND CLAIM FOR RELIEF
### Violation of the New York WARN Act

54. The Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

94. At all relevant times, Defendant was an individual or private business entity defined as an "employer" under the NY WARN Act and continued to operate as a business until they decided to order a mass layoffs or plant closings as defined by § 860-A(3),(4).

95. On or about June 3, 2024, Defendant ordered mass layoffs and/or plant closings defined by § 860-A(3),(4).

96. The Plaintiff and the Class Members suffered a termination of employment as defined by § 860-A(2)(C) having been terminated by Defendant without cause on their part.

97. Defendant was required by the NY WARN Act to give the Plaintiff and Class Members at least 90 days' advance written notice of their terminations pursuant to § 860-B.

98. Defendant failed to give the Plaintiff and Class Members written notice that complied with the requirements of the NY WARN Act.

99. Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and benefits including health and life insurance coverage, for 60 days, that would have been covered and paid under the

then-applicable employee benefit plans had that coverage continued for that period. § 860-G(2).

## PRAYER FOR RELIEF

WHISEFORE, the Plaintiff, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendant:

A. Certification of this action as a class action;

B. Designation of Plaintiff as the Class Representative;

C. Certification that Plaintiff and the other Class members constitute a single class with or without subclasses as provided under Rule 23(c)(4);

D. Appointment of the undersigned attorneys as Class Counsel for all class members;

E. A judgment in favor of Plaintiff and each of the affected employees equal to the sum of: their unpaid wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for up to 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A) or under NY Lab. L. § 860-G(2), including any civil penalties;

F. Plaintiff's reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6) and NYLL § 860-g (7); and

G. Such other and further relief as this Court may deem just and proper.

DATED: June 21, 2024

/s/ *Jack. A. Raisner*
Jack A. Raisner
René S. Roupinian
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801

11

New York, New York 10016
Telephone: (212) 221-1747
Fax:     (212) 221-1747
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com

*Attorneys for Plaintiff and all others similarly situated*