**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

---

**DAVID ORTIZ, on behalf of himself and all others similarly situated,**

 **Plaintiff,**

 **v.**

**THE BEVERAGE WORKS NY, INC., dba THE BEVERAGE WORKS,**

 **Defendant.**

CASE NO.  24-cv-04424-JRC

---

**FINAL SETTLEMENT ORDER** (AS MODIFIED)

 This matter having come before the Court on the Parties' Joint Motion for entry of an Order:  (i) finally certifying a class for settlement purposes, (ii) ~~preliminarily~~ approving settlement, ~~(iii) approving the class notice, (iv) scheduling a fairness hearing to consider final approval of the Settlement~~, and (v) related relief (ECF 38)  (the "Motion")[1]; and the Court finding that: (A) the Court has jurisdiction over the Settlement Motion pursuant to 28 U.S.C. §§ 1331, 1367 and 29 U.S.C. § 2104(a)(5); (B) notice of the Settlement Motion and the hearing on the Settlement Motion was due and adequate under the circumstances; (C) no other notice need be given; and (D) any objections to the Motion having been withdrawn, waived, or overruled; and the Court having reviewed the terms of the Settlement Agreement and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted therein; and the Court having determined that the relief sought in the Motion is in the best interest of the Class Representative and the Class Members, and any other parties in interest; and after due deliberations and good cause appearing therefor;

**IN ADDITION TO THE REASONS STATED ON THE RECORD AT THE 5/6/2025 FAIRNESS HEARING, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

---

[1] Capitalized terms used but not defined in this Order shall have the meaning defined in the Settlement Agreement.

1.      The Motion is GRANTED as set forth herein and as stated on the record.

2.      All objections to the Motion or the relief requested in the Motion, if any, that have not been withdrawn, waived, or settled, and all reservation of rights in such objections, if any, shall be and hereby are, OVERRULED in all respects on the merits and denied.

3.      The Settlement Agreement is approved on a final basis and in all respects as being fair, reasonable, adequate to the Settlement Class Members and other affected employees for the following reasons:

> a.      If the Settlement is not approved, the WARN Action will likely be complicated, protracted, and expensive for both Parties.

> b.      The Class Representative supports the Settlement, and the terms of the Settlement are favorable to Class Members.

> c.      The Settlement was reached after a thorough investigation, litigation, and mediation by the Parties.

> d.      The Settlement is well within the range of reasonableness given the uncertainty of Plaintiff's ability to establish liability and to recover against the Defendant.

> e.      The Settlement Agreement was negotiated at arm's length by experienced counsel and in good faith, is fair, equitable, and in the best interests of the Parties.

4.      On the Effective Date, the terms of the Settlement Agreement shall become binding upon the Parties.

5.      On the Effective Date, subject to and consistent with the terms of the Settlement Agreement, the releases set forth in the Settlement Agreement shall become effective.

6.      Class Counsel is awarded its fees of one-third of the Gross Settlement Amount, net of the Class Representative Service Payment of $15,000 (Fifteen Thousand Dollars), Class Counsel's expenses not to exceed $6,000 (Six Thousand Dollars), all of which shall be paid from the Gross Settlement Amount in accordance with the terms of the Settlement Agreement.

7.      The entry of this Order is without prejudice to the relief granted in the Preliminary Order, and entry of this Order shall not serve to extend or stay the time of filing any appeal regarding any of the relief granted in the Preliminary Order.

8.      The terms and conditions of this Order shall be immediately effective and enforceable upon entry.

9.      This Court shall retain jurisdiction over all matters arising from or related to the interpretation and/or implementation of the Settlement Agreement, the Preliminary Order, and this Order.

10.      Having considered all of the relevant factors under Rule 23 of the Federal Rules of Civil Procedure and *Grinnell* factors (*City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974)), this Court is satisfied that class certification for settlement purposes is appropriate, as are the terms of the proposed class settlement, which appear to be fair, reasonable, and adequate to the Class. This Court further finds that the notice to the Class Members constitutes fair and adequate notice and satisfies the requirements of due process, Fed. R. Civ. P. 23, and all other applicable laws and rules.

11.      By 7/3/2025, parties shall file a stipulation of dismissal or a joint status report.


**SO ORDERED**

Dated: May 6, 2025
      New York, New York

                    ___s/ James R. Cho_____

                    James R. Cho
                    United States Magistrate Judge